## In re Ollie James COHEN.

Court of Appeals of Kentucky.

March 4, 1955.

No attorneys appeared of record on either side.

PER CURIAM.

Upon a hearing before it, the Trial Committee of the Kentucky State Bar Association found that Ollie James Cohen on pleas of guilty had been convicted in the Criminal Branch of the Jefferson Circuit Court of three felonies. One conviction was for uttering the forged will of R. H. Skinner in the Jefferson County Court, upon which he was sentenced for two years in the penitentiary. The second conviction was for false swearing in a proceeding in the Jefferson County Juvenile Court where he was on trial charged with contributing to the delinquency of a minor, Irene Cobb, upon which he was sentenced for one year in the penitentiary. This sentence was not to run concurrently with the two year sentence just mentioned. The Trial Committee further found that Cohen had been convicted of uttering the forged will of Margaret Davenport in the Jefferson County Court, upon which he was given a suspended sentence of ten years in the penitentiary, conditioned upon his good behavior and that he would not violate the probation laws of this state for thirty years. Also, the Committee found there were two indictments returned against Cohen in the Jefferson Criminal Court charging him with suborning Alfred W. Daugherty and Ruth Williams to commit perjury in the Jefferson County Court in the matters of probating the forged wills of Mr. Skinner and Mrs. Davenport. While it does not appear that Cohen was tried on these two last mentioned indictments, the report of the Trial Committee states these charges are undenied by him.

The Trial Committee filed its report with the Board of Bar Commissioners showing Cohen had been guilty of unprofessional conduct and recommended that he be disbarred, and the seriousness of these charges be made a public record for consideration in the future should application ever be made for reinstatement. The Board unanimously accepted the report of the Trial Committee and recommended to this court that Cohen be disbarred from engaging in the practice of law in this state on account of his unprofessional conduct.

In due time this court issued a rule against Cohen in accordance with RCA 3.450 to show cause, if any he could, within twenty days why the recommendation of the Board should not be enforced. Cohen having made no response to the rule within twenty days, or at all, after it was served upon him, we now adjudge the rule be made absolute and the report of the Board be confirmed.

An order will be entered disbarring Ollie James Cohen from the practice of law in this Commonwealth.