**In re Ollie James COHEN.**

Court of Appeals of Kentucky.

March 11, 1966.

Joseph J. Leary, Frankfort, Samuel M. Rosenstein, Kenneth S. Handmaker, Louisville, for applicant.

George B. Ryan, Louisville, for Louisville Bar Association and Kentucky State Bar Association.

PER CURIAM.

On March 4, 1955, Ollie James Cohen was disbarred from the practice of law in this Commonwealth for convictions of uttering a forged will and giving false testimony during a trial. He was also accused of contributing to the delinquency of two minor girls. See In re Cohen, Ky., 276 S.W.2d 34 (1955), where these offenses are set out in more detail.

On January 7, 1964, Mr. Cohen filed his application for reinstatement with this Court as provided by RCA 3.560. Thereupon, the Clerk of this Court referred the application to the Board of Governors of the Kentucky State Bar Association. After conducting a hearing the Board filed its written report recommending that Cohen's application be denied. The question before us is whether or not we should sustain the recommendation of the Board.

Cohen was incarcerated for his convictions and later worked as a clerk in his father's pawn shop. In May of 1963 he began work in Louisville as a car salesman, and in January 1964 he moved to Glasgow where he continued to work as a car salesman.

Cohen produced a compilation of affidavits and testimony of witnesses which support his contention that he has "lived a consistent life of probity and integrity." See In re Stump, 272 Ky. 593, 114 S.W.2d 1094 (1938). However, Cohen had made no attempt to satisfy a civil fraud judgment which had been rendered against him in 1954. The Board found that this failure to make restitution to the financially wronged parties was the most glaring example of Cohen's failure of rehabilitation. Cohen has attempted to justify this lack of restitution on the ground that he was financially unable to do so, but it should be noted that Cohen failed to contact the wronged persons or to make any provision for future payment.

■ The Bar Association has pointed out several instances in the behavior of Cohen which are inconsistent with the "good character necessary to guarantee uprightness and honor in his professional dealings and the faithful discharge of his duties as a lawyer." We will not examine each of these incidents, since the applicant carries the burden of overcoming, by persuasive evidence, the prior derogatory judgments on his qualifications. Here, the grossly unprofessional conduct and violation of the legal ethics places a proportionately heavy burden on the applicant to prove himself worthy to be "reintrusted with the confidences and privileges of an attorney at law." In re Stump, supra. Although Cohen produced an excellent list of character affidavits and testimony, very little of this evidence produced any substantial facts which tended to show any significant rehabilitation.

■ After reviewing the nature and degree of misconduct for which Cohen was disbarred, and his subsequent conduct in regard to those past offenses, we are of the

opinion that Cohen has failed to meet his very heavy burden of proof with sufficient persuasive and positive proof.

The recommendation of the Board is affirmed.